UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONNIE REED, | Case No. 4:14CV528 |
| Petitioner, | JUDGE JAMES G. CARR |
| v. | Magistrate Judge George J. Limbert |
| MICHELLE MILLER, WARDEN, | |
| Respondent. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On February 28, 2014, Donnie Reed ("Petitioner"), pro se, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254 and he executed a supplement to his petition. ECF Dkt. #s 1,4. Petitioner seeks relief from his guilty plea which resulted in conviction entered by the Mahoning County, Ohio Court of Common Pleas for reckless homicide in violation of Ohio Revised Code ("ORC") § 2903.041 with a firearm specification in violation of ORC § 2941.145(A). On August 15, 2014, Respondent, Michelle Miller ("Respondent"), Warden of the Belmont Correctional Institution in St. Clairsville, Ohio, where Petitioner was housed at the time that he filed the instant petition, filed a return of writ. ECF Dkt. #9. For the following reasons, the undersigned recommends that the Court find that the instant petition is untimely and DISMISS the petition, in its entirety, with prejudice:

## I.     FACTUAL BACKGROUND

The Seventh District Court of Appeals of Ohio set forth the relevant facts on direct appeal. ECF Dkt. #9-1. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> On April 4, 2008, Reed shot Randy Davis in the head, resulting in Davis's death. There was conflicting information as to whether the shooting had been purposeful

> or accidental. On June 19, 2008, a grand jury indicted Reed on one count of murder, in violation of R.C. 2903.02(A)(D), a first degree felony, along with a firearm specification pursuant to R.C. 2941.145(A). Reed entered a plea of not guilty and was appointed counsel.
>
> Reed entered into a Crim. R. 11 plea agreement with the State on September 25, 2008. Pursuant to the plea agreement, the State moved the trial court to dismiss the murder count, amend the indictment to include one count of reckless homicide, and retain the firearm specification. Reed agreed to change his plea to guilty. Reed and the State agreed to jointly recommend a three-year sentence for the reckless homicide charge, consecutive to the three year firearm specification, for a total of six years.

ECF Dkt. #9-12.

## II. PROCEDURAL BACKGROUND

### A. State Trial Court

The Mahoning County Grand Jury issued an indictment on June 19, 2008 charging Petitioner with murder in violation of ORC § 2903.02(A)(D) with a firearm specification in violation of ORC. § 2941.145(A). ECF Dkt. #9-3.

On September 25, 2008, Petitioner, with counsel, appeared before the Mahoning County Common Pleas Court and entered a guilty plea to reckless homicide with a firearm specification in exchange for the prosecution amending the indictment to reckless homicide with the firearm specification. ECF Dkt. #9-4. Petitioner, his counsel and the prosecuting attorney signed a written plea of guilty form outlining all of Petitioner's rights that he was waiving upon pleading guilty, the charges to which he was pleading guilty, and the sentences that he was facing for the charges. ECF Dkt. #9-6.

On September 30, 2008, a sentencing hearing was held and on October 1, 2008, the trial court issued a sentencing entry which imposed a term of three years for reckless homicide and three consecutive years for the firearm specification, for a total of six years of imprisonment. ECF Dkt. #s 9-2, 9-5. The court also imposed a mandatory term of three years of postrelease control. *Id*.

### B. Delayed Direct Appeal

On January 13, 2009, Petitioner filed a pro se motion for leave to file a delayed appeal and requested the assignment of counsel. ECF Dkt. #9-2. On February 6, 2009, the Seventh District Court of Appeals overruled the motion for leave to file a delayed appeal because Petitioner's motion

identified juvenile proceedings and offenses as probable issues for review when Petitioner's case did not originate in juvenile court. *See* ecourts.mahoningcountyoh.gov/eservices for case number 2009 MA 00009, *State of Ohio v. Donnie Ray Reed;* ECF Dkt. #9-2 at 2-3.  The Ohio appellate court granted Petitioner thirty days within which to refile a proper motion for delayed appeal. *Id*.

On March 13, 2009, Petitioner, pro se, filed a motion for delayed appeal to the Seventh District Court of Appeals.  ECF Dkt. #s 9-7, 9-8.  Petitioner explained that his defense counsel ceased to represent him after sentencing and he, lacking legal knowledge, did not know about his right to appeal and  was not informed by the court or his counsel of his right to appeal within thirty days of his conviction.  *Id*.  The appellate court granted Petitioner's motion for delayed appeal and appointed appellate counsel.  ECF Dkt. #9-9.

In his appellate brief filed through counsel, Petitioner alleged the following assignments of error:

> I. UNDER THE TOTALITY OF THE CIRCUMSTANCES, APPELLANT'S PLEA WAS NOT GIVEN KNOWINGLY AND INTELLIGENTLY WHERE THE TRIAL COURT FAILED TO FULLY INFORM APPELLANT OF THE ELEMENTS OF THE AMENDED CHARGE OF RECKLESS HOMICIDE AT THE SENTENCING HEARING AND IN[SIC] IMPOSED A TOTAL SENTENCE IN EXCESS OF THE STATUTORY MINIMUM FOR THE OFFENSE.
>
> II. THE JUDGMENT ENTRY AND SENTENCE OF CONVICTION SHOULD BE VACATED AND OVERTURNED FOR THE REASON THAT DEFENDANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AMENDMENT AND THE OHIO CONSTITUTION.

ECF Dkt. #9-10.

On March 11, 2010, the appellate court affirmed Petitioner's conviction and sentence.  ECF Dkt. #s 9-2, 9-12.

On April 3, 2009, the Ohio appellate court dismissed the original appellate case under which Petitioner had filed his first appeal wherein he was granted thirty days to refile his appeal.  The court noted that Petitioner had filed a new motion for delayed appeal which was assigned a new appellate case number.  ECF Dkt. #9-7.

### C. Supreme Court of Ohio

On May 21, 2010, Petitioner pro se filed a motion for delayed appeal and a notice of delayed appeal to the Supreme Court of Ohio. ECF Dkt. #s 9-14, 9-15. Petitioner explained that he did not receive a copy of the appellate court decision until seven days after it was released and he attempted to file a timely appeal on April 22, 2010 and gave the proper documents to the prison officials for mailing within an appropriate time so that they would arrive at the Ohio Supreme Court timely, but the documents did not leave the prison until April 26, 2010 and arrived late to the Ohio Supreme Court due to circumstances beyond his control. *Id.* The Supreme Court of Ohio granted Petitioner's motion for delayed appeal. ECF Dkt. #9-16.

In his memorandum in support of jurisdiction filed on August 16, 2010, Petitioner raised the following propositions of law:

> I. THE TRIAL COURT ERRED WHERE THE JUDGEMENT ENTRY AND SENTENCE OF CONVICTION SHOULD BE VACATED AND OVERTURNED FOR THE REASON THAT DEFENDANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AMENDMENT AND THE OHIO CONSTITUTION.
>
> II. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> III. THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.
>
> IV. MISIDENTIFICATION OF APPELLANT IN ORDER TO BOLSTER CHARGE TO THE LEVEL OF A FELONY DEGREE.

ECF Dkt. #9-17.

On October 13, 2010, the Ohio Supreme Court declined jurisdiction over Petitioner's case and dismissed his appeal as not involving a substantial constitutional question. ECF Dkt. #9-18.

### D. Petition for Post-Conviction Relief

On October 5, 2009, Petitioner, pro se, filed a petition for post-conviction in the trial court asserting that his guilty plea was made unintelligently, unknowingly and involuntarily. ECF Dkt. #s 9-2, 9-19. He also asserted that his appointed defense counsel failed to raise a substantial issue that he wanted him to raise which resulted in the ineffective assistance of counsel. *Id.* The State filed a motion for summary judgment as to Petitioner's post-conviction relief petition. ECF Dkt. #9-

20.	On October 23, 2009, the trial court granted the State's motion for summary judgment.  ECF Dkt. #s, 9-2, 9-21.

## III.	FEDERAL HABEAS CORPUS PETITION

On February 28, 2014, Petitioner pro se executed two separate petitions seeking relief from his state court conviction and on March 10, 2014, the petitions were docketed, one labeled in docket text as the actual § 2254 petition and the other labeled a supplement to the petition.  ECF Dkt. #s 1, 4. Petitioner presents the following grounds for relief in his federal habeas corpus petition:

**Ground One:**

> Petitioner, Donnie Reed, is entitled to a Habeas Corpus relief, on grounds that his 5th, 6th, and 8th and 14th Amendment rights, as guaranteed by the United States Constitution, were indeed violated during all critical stages of the criminal proceedings, as a result of a "conspiracy" made between the trial court judge, the Mahoning County prosecutor, and defense counsel, purposely deny the petitioner his constitutional rights under the 5th, 6th 8th and 14th Amendments when: (1) They all knew that I was [sic] of a non-existing crime, but yet I was arrested, indicted, and prosecuted on an offense of murder, and had to plead guilty to a lesser charge just to avoid a possible life sentence, and (2) my same rights were violated when the judge, prosecutor and defense counsel, "conspired to keep certain evidence off the record", proving my actual innocence of the charges as they were brought forth against me, which violated my rights to a meaningful/effective appeal.

**Ground Two:**

> Petitioner;s[sic] 6th and 14th Amendment right to effective assistance of counsel during the common pleas court proceeding's[sic] were violated on grounds that (1): Defense counsel failed to file a motion to "dismiss" the indictment based on malicious prosecution and actual innocences; (2) defense counsel failed to conduct a reasonable investigation into the facts and circumstances of petitioner[sic] case.  (3) defense counsel failed to inform the defendant that a claim of "accident" is a[sic] "affirmative defense"from conviction of the charges as they were brought forth against him, (4) defense counsel failed to inform the defendant on the "elements" of the murder charge, and failed to inform the defendant on the "elements" of all lesser included offenses, (5) defense counsel failed to advise petitioner of his constitutional rights, and (6) defense counsel was ineffective for failing to establish a factual "record" on all of these things in order to preserve them for review by superior courts.

**Ground Three**:

> I as the petitioner, who's "guilty plea to the charge of reckless homicide was not made knowingly, voluntarily, or intelligent in violation of my 5th, 6th and 8th Amendment rights as guaranteed by the United States Constitution.

**Ground Four**:

>Petitioner was deprived of his constitutional right to effective assistance of counsel of direct appeal, resulting from appellant's counsel's failure or inability to raise the specific claims that petitioner's 5th, 6th, 8th, and 14th Amendment rights were violated at the trial level, and were prevented from being "adequately" litigated on direct appeal resulting from a conspiracy amongst the judge, the prosecutor, and defense counsel, and as a result stemming from a "silent record."

**Ground Five**:

>Petitioner's 5th, 8th, and 14th Amendment Rights to be free from "cruel and unusual punishments," as well as to the petitioner's "substantive and procedural due process rights" were violated, on grounds that the petitioner is actually innocent of the charge brought forth and that he was charged with and what should have been labeled as an "accident". Secondly, on the grounds the petitioner was convicted on a non-existing crime when the death resulted from an accident, and where no "illegal enterprise" during the commission of the victim's death as the decadent[sic] bear in equal fruit (in pari delicto) for just as much responsibility in the mishandling of the weapon.

**Ground Six:**

>The underscore the centrality of each interests, would have been affected by a particular procedural safeguard had it not been adversely affected in a balancing test. Emphasized the opprobrium that accompanies the label "hit man" will influence the sway of one's decision. The intrusiveness leads towards guilt aforehand. No matter how you analyze those factors. Contamination by extraneous influences in presumptively prejudicial. **U.S. v. Long 269 F.3d 228, (3rd Cir. 2001**)(presumption of prejudice application "only when the extraneous information is of considerably serious nature"). Tangential issue is the court never held a post-trial hearing in which the defendant had the opportunity to provide actual bias is sufficient to decide the prejudicial issue. Petitioner contends that he was denied a fair trial in his state conviction for the charge of reckless homicide because of the state's failure to protect him sufficiently from the massive, pervasive and prejudicial publicity that attended his prosecution. Petitioner did not receive a fair trail[sic] consistent with the Due Process Clause of Fourteen Amendment. Petitioner was denied due process by the trial judge's refusal to take precautions against the influence of pretrial publicity alone, the trial judge later rulings had to be considered against the setting in which the trial was held. In light of this background, the court believed that the arrangements made by the trail[sic] court with the news media caused the petitioner to be deprived of that judicial serenity and calm to which he is entitled. There is no doubt that the deluge of publicity reached at least some of the potential jury. The trial court did not fulfill his duty to protect petitioner from the inherently prejudicial publicity that saturated the community and to control disruptive influences in the courtroom. See: SHEPPARD V. MAXWELL, No. SUPREME COURT OF THE UNITED STATES 384 U.S. 333; 86 S.Ct. 1507; 16 L.Ed.2d 600; 1966 U.S. LEXIS 1413; 6 Ohio Misc. 231; 35 Ohio Op.2d 431; 1 Media L.Rep. 1220 February 28, 1066, Argued June 6, 1966, Decided.

> There was insufficient evidence to support defendant's conviction for reckless homicide because the evidence did not show that defendant knew of the risk that the Decedent created by claiming to be knowledgeable about handguns, he (Defendant) was ignorant however when returning from the other end of the hallway, and that the Defendant was unaware that the pistol was now loaded because he was unaware of the risk now associated with the handling of a loaded handgun. In the absence of such evidence, the State failed to present sufficient evidence that, with heedless indifference to the consequences, defendant perversely disregarded a known risk that his conduct was likely to cause a certain result. See: **State v. Peck, 172 Ohio App.3d 25, 872 N.E.2D 1263, 2007 Ohio App. LEXIS 2517, 2007 Ohio 2730, (2007).** Mere failure to perceive or avoid a risk because of a lack of due care does not constitute reckless conduct. Ohio courts look at the specific risk created by the defendant's conduct, rather than the general risk inherent in the activity, in assessing whether a defendant's conduct was reckless.

ECF Dkt. #4. On August 15, 2014, Respondent filed a return of writ. ECF Dkt. #9.

## IV.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* "Absence of prejudice is a factor to

be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

## V.  ANALYSIS

### A.  AEDPA STATUTE OF LIMITATIONS

The trial court issued its conviction and sentencing entry on October 1, 2008. ECF Dkt. #9-6. Petitioner had thirty days, or until October 31, 2008, in which to file an appeal of the trial court's judgment but did not do so. ECF Dkt. #9-2 at 6-7; Ohio R. App. P. 4(A). He did not timely file an appeal. Rather, Petitioner filed a motion for delayed appeal to the Seventh District Court of Appeals on January 13, 2009. ECF Dkt. #9-2 at 4. Thus, between November 1, 2008, the day after Petitioner should have filed his direct appeal, through January 12, 2009, the day before he actually filed a motion for delayed appeal, the AEDPA statute began running. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

The AEDPA statute of limitations ran for 97 days until Petitioner filed his motion for delayed appeal on January 13, 2009. ECF Dkt. #9-2 at 4. From January 13, 2009 through the date of the Ohio appellate court's ruling on that motion on February 6, 2009, the AEDPA statute of limitations was tolled. On February 6, 2009, the appellate court granted Petitioner thirty days within which to refile his appeal. ECF Dkt. #9-7 at 2-3. Thus, the time period from February 6, 2009 through March 6, 2009 was tolled as well, since the Ohio appellate court allowed Petitioner this time in which to refile his appeal. On March 13, 2009, Petitioner filed a new appeal, which was 7 days later than ordered by the appellate court, but on April 2, 2009, the Ohio appellate court granted Petitioner's refiled motion for delayed appeal and appointed him counsel. ECF Dkt. #9-9 at 7. On April 3, 2009, the Ohio appellate court dismissed the first appeal since Petitioner's new appeal sought the same relief. ECF Dkt. #9-7 at 1-2. Although Petitioner filed his new appeal 7 days later than that permitted by the Ohio appellate court, the undersigned gives Petitioner the benefit of the doubt and finds that the entire period from January 13, 2009 through the Ohio appellate court's decision on March 11, 2010 is tolled.

The undersigned notes that Respondent asserts that the Ohio appellate court issued its direct appeal opinion on March 11, 2009 affirming the trial court's judgment of conviction. ECF Dkt. #9-1 at 5, 12. However, the Ohio appellate court's decision is dated March 11, *2010*, not March 11, *2009*. ECF Dkt. #s 9-1, 9-12. Thus, contrary to Respondent's assertions, the AEDPA limitations period did not expire and time was left on the statute of limitations to toll. ECF Dkt. #9

Nevertheless, on March 11, 2010, the Ohio appellate court affirmed the trial court's conviction and sentence and Petitioner had 45 days within which to appeal to the Ohio Supreme Court. *See* Ohio S.Ct. Pract. R. 2.2(A)(1)(a). Thus, March 12, 2010, the day after the Ohio appellate court issued its decision, through April 26, 2010 (as April 25, 2010 was a Sunday, *see* Ohio R. Civ. P. 6(A)) was also tolled to allow for the 45-day filing period. Ohio R. Civ. P. 6(A). However, Petitioner did not file his appeal to the Ohio Supreme Court until May 21, 2010, when he filed a motion for delayed appeal. ECF Dkt. #9-14. Accordingly, from April 27, 2010, the day after his notice of appeal to the Ohio Supreme Court was due, until May 20, 2010, the day before he actually filed an appeal to the Ohio Supreme Court, was not tolled and the AEDPA statute of limitations clock ran again for another 24 days during this period. From May 21, 2010, the date that Petitioner filed his motion for delayed appeal to the Ohio Supreme Court, through October 13, 2010 when the Ohio Supreme Court declined jurisdiction, was tolled for AEDPA statute of limitations purposes. ECF Dkt. #s 9-14, 9-15, 9-18. By this time, a total of 97 days from the AEDPA statute of limitations (73 days + 24 days = 97 days) had run, leaving Petitioner 268 days within which to file his federal habeas corpus petition (365 - 97 = 268).

The only other filing that would toll the AEDPA statute of limitations clock is Petitioner's petition for postconviction relief, which he filed on October 5, 2009 in the trial court. ECF Dkt. #9-19. However, the AEDPA statute of limitations was already tolled during this period since Petitioner had an appeal pending at that time. ECF Dkt. #9-1, 9-2, 9-12.

Even foregoing the 97 days that the AEDPA limitations period ran and accepting that the Ohio Supreme Court's October 13, 2010 declination of jurisdiction is the starting period for the AEDPA statute of limitations to begin running, Petitioner would have had to file his § 2254 federal habeas corpus petition by October 13, 2011, one year after the October 13, 2010 declination. He did

-10-

not file the instant petition until February 28, 2014, nearly three years later. ECF Dkt. #1. For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.

### B.    EQUITABLE TOLLING

Petitioner requests that the Court apply equitable tolling of the AEDPA statute of limitations because he is entitled to a total of 15 months in which to file his federal habeas corpus petition. ECF Dkt. #1 at 3-7. He reasons that the 15 month period begins to run from January 13, 2011 because the Ohio Supreme Court declined jurisdiction on October 13, 2010 and he was allowed 90 additional days from that date in which to file a writ of certiorari with the United States Supreme Court. *Id.*

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

The undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling. Even assuming that the proper starting date for the AEDPA limitations period to begin running is October 13, 2010 when the Ohio Supreme Court declined jurisdiction and Petitioner is entitled to an additional 90 days for filing a writ of certiorari in the United States Supreme Court to the Ohio Supreme Court's declination of jurisdiction, he was still well over 3 years late in filing his federal habeas corpus petition. Ninety days added onto the Ohio Supreme Court's October 13, 2010 declination of jurisdiction takes the AEDPA clock to January 13, 2011. One year

from January 13, 2011 sets the AEDPA statute of limitations to an expiration date of January 13, 2012 when Petitioner should have filed his § 2254 federal habeas corpus petition. Petitioner's federal habeas corpus petition is therefore untimely filed as he filed it on February 28, 2014. Moreover, Petitioner has not shown that he was prevented from timely filing his federal habeas corpus petition or that some extraordinary circumstance stood in his way of doing so. Accordingly, the undersigned recommends that the Court find no merit to Petitioner's equitable tolling assertion.

### C.    ACTUAL INNOCENCE

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley*, 118 S.Ct. at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

In the instant case, Petitioner has entered a guilty plea to the charge for which he asserts his actual innocence. "Though the result often seems counterintuitive, a defendant that pled guilty still may assert a *Schlup* claim." *See Eads v. Bottom*, No. 6:13–CV–29–JMH–REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014)(citations omitted). In such a case, "[t]he application of *Schlup* ... creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt

beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy." *Id.,* citing cases.

Petitioner asserts that during the pretrial stages, defense counsel, the prosecutor and the trial court had "off the record" discussions with each other knowing that he was innocent of the charge against him. ECF Dkt. #1 at 12. He contends that they conspired against him by maliciously prosecuting him, threatening him with a life sentence, falsely imprisoning him, making false accusations of prior criminal acts and depriving him of an adequate state remedy. *Id.* at 13. Petitioner also asserts that his counsel failed to: file a motion to dismiss the indictment based upon malicious prosecution and actual innocence; conduct a reasonable investigation into the facts of his case; inform him of the elements of the crime of murder and all lesser included offenses; inform him that a claim of "accidental" is an affirmative defense to the lesser offense; inform him of his constitutional rights; and establish a factual record for preservation of issues on appeal. *Id.* at 12-14.

While Petitioner alleges these numerous claims, he presents no new exculpatory evidence, scientific evidence, trustworthy eyewitness accounts or critical physical evidence establishing that he is actually innocent of the crime charged. This failure to offer new evidence, coupled with Petitioner's entry of his guilty plea to reckless homicide with a firearm specification, leads the undersigned to recommend that the Court find that Petitioner's actual innocence argument fails. The transcript of the plea colloquy confirms that the trial court informed Petitioner of his constitutional rights and he indicated that he understood those rights and that he was waiving them as a result of pleading guilty. ECF Dkt. #9-4 at 3-6. The trial court also ensured that Petitioner had gone through the written plea form with his attorney and understood its substance. *Id.* at 9-10. The court also asked Petitioner if he understood everything about the form and the plea proceedings and Petitioner expressed his understanding of the charge against him and indicated that he had no questions about it or the proceedings. *Id.* at 7-8. The court asked Petitioner if he understood the charge of reckless homicide and all of the elements of that charge and the firearm specification and Petitioner stated that he did understand. *Id.* at 3. Petitioner also acknowledged the voluntariness of his plea at the plea colloquy and expressed his satisfaction with his defense counsel. *Id.* at 6-10. When asked if he had any questions about anything, Petitioner indicated that he did not. *Id.* at 9-10. Thereafter, the court

explained the penalties that Petitioner was facing and then asked Petitioner how he plead to the charge of reckless homicide. *Id*. at 10. Petitioner responded that he was guilty of the charge. *Id*.

Finally, ineffective representation of counsel or Petitioner's ignorance of the law are insufficient to support a claim of actual innocence. *See Martin v. Mackie*, No. 1:15-CV-594, 2015 WL 4507812, at *1 (W.D. Mich. July 24, 2015)(failure to provide effective assistance of counsel is not enough to excuse statute of limitations bar); *May v. LaRose*, No. 2015 WL 3454744, at *5 (N.D. Ohio, May 29, 2015)("[l]ack of actual notice or 'ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing.'" (citations omitted)).

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed, not entitled to equitable tolling, and is not otherwise entitled to consideration under the actual innocence exception. Accordingly, the undersigned recommends that the Court DISMISS the petition, in its entirety, with prejudice.


Date: August 27, 2015               */s/George J. Limbert*
                                    GEORGE J. LIMBERT
                                    UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).